NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10196 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00167-DLJ-1 |
| v. | |
| EDWARD LEE SULLIVAN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10217 |
| Plaintiff - Appellant, | D.C. No. 4:09-cr-00167-DLJ-1 |
| v. | |
| EDWARD LEE SULLIVAN, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted January 14, 2014
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

Before: TALLMAN and IKUTA, Circuit Judges, and O'CONNELL, District Judge.[**]

Defendant Edward Sullivan appeals his convictions under 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B) as well as the sentences imposed. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.[1]

Defendant's convictions under § 2251(a) and § 2252(a)(4)(B) did not violate the Double Jeopardy Clause because each statute of conviction requires proof of an element that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under § 2251(a), the government must prove that the defendant is a person who "employs, uses, persuades, induces, entices, or coerces" a minor to engage in sexually explicit conduct for purposes of producing a visual depiction of that conduct. 18 U.S.C. § 2251(a); *cf.* Ninth Circuit Model Criminal Jury Instruction 8.181. There is no corresponding element in § 2252(a)(4)(B). Under § 2252(a)(4)(B), the government must prove that the defendant knew that a minor was involved in the visual depiction of sexually explicit conduct. 18 U.S.C.

---

[**] The Honorable Beverly Reid O'Connell, United States District Court Judge for the Central District of California, sitting by designation.

[1] We resolve two of Sullivan's claims in this memorandum, and resolve his remaining claims as well as the government's cross-appeal in a concurrently issued opinion. *United States v. Sullivan*, – F.3d – (9th Cir. 2014).

§ 2252(a)(4)(B); *cf.* Ninth Circuit Model Criminal Jury Instruction 8.185. There is no corresponding element in § 2251(a). Because "[t]he *Blockburger* test focuses on the statutory elements of each offense" rather than on evidence presented at trial, it is irrelevant that the evidence used to convict Sullivan on both counts overlapped. *United States v. Kimbrew*, 406 F.3d 1149, 1151–52 (9th Cir. 2005).

We also conclude the district court did not abuse its discretion in excluding polygraph evidence pursuant to Rule 403 of the Federal Rules of Evidence, even though the court did not cite that rule in its decision. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1245 (9th Cir. 2004). The district court could reasonably conclude that such evidence would not be helpful to the court, but would cause undue delay and would waste time. Fed. R. Evid. 403. Accordingly, we need not address whether the district court abused its discretion by not appointing a polygraph expert. Defendant's motion to augment the record on appeal is denied as moot.

**Affirmed.**